# Exhibit B

Filing # 69721591 E-Filed 03/23/2018 12:06:59 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

KIRENIA CARIDAD FIGUERA,

    Plaintiff,

vs.                                                 Case No.

SAFRA NATIONAL BANK OF
NEW YORK, d/b/a SAFRA BANK,
a National Association

    Defendant.
_____/

## COMPLAINT

Plaintiff, KIRENIA CARIDAD FIGUERA ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant, SAFRA NATIONAL BANK OF NEW YORK d/b/a SAFRA BANK, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs and to redress injuries resulting from Defendant's unlawful, sexual orientation-based discriminatory treatment of and retaliation against Plaintiff pursuant to Miami-Dade County Code §§ 11A-26 *et seq.* ("§ 11A")..

2. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff was an employee as defined pursuant to Miami-Dade County Code §§ 11A-25 *et seq.*

4. Defendant SAFRA NATIONAL BANK OF NEW YORK d/b/a SAFRA BANK is a national association with an office in Florida, specifically located within Miami Dade

1

County, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant was an employer as defined pursuant to Miami-Dade County Code §§ 11A-25 *et seq.*

6. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. Plaintiff filed a timely charge of employment discrimination with the Miami Dade County Commissions of Human Rights, the agency which is responsible for investigating claims of employment discrimination.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10. Plaintiff is a heterosexual female and falls within a class of individuals protected by the pursuant to § 11A.

11. Plaintiff worked for Defendant as a front desk receptionist from on or about June 2014 until on or about April 2017.

12. Throughout Plaintiff's employment, Plaintiff was treated differently than other similarly situated non-heterosexual employees.

13. Plaintiff initially worked in the Brickell office and was then transferred to the Aventura office.

14. Plaintiff was advised by her immediate supervisor, Martha Martinez, that once in the Aventura office Plaintiff was to work at the operations department.

15. On March 2017, the company implemented a new on-line system to request vacation time.

16. Plaintiff followed the new system and requested a one-week vacation in the month of December of 2017. Plaintiff was denied the requested one-week vacation in December of 2017 and was told that the reason being she was to cover the reception, however, this was not told to Plaintiff by her immediate supervisor, Ms. Martinez.

17. On or around March 2017, Camila Perez Alfaro, a similarly situated employee working for Defendant requested vacation time for December 2017 and was approved.

18. The director, Hazel Castro, is a homosexual female and was known to favor and hire employees who share her sexual orientation.

19. Ms. Perez Alfaro is also a homosexual female and is friends with the director, Ms. Castro, as they would post pictures together on social media, specifically Instagram.

20. Plaintiff raised her concerns and complained to human resources about her vacation not being approved.

21. Shortly thereafter, on or around April 28, 2017, Plaintiff was terminated in retaliation for engaging the protected activity described above.

22. Upon information and belief, Defendant's reason for termination (if any) is pretextual.

23. At all times throughout Plaintiff's employment, Plaintiff was qualified for her position and performed all of her duties in an exemplary fashion in a satisfactory or above satisfactory manner. Furthermore, Plaintiff had no disciplinary history

## COUNT I
### *Sexual Orientation Discrimination in Violation of the Miami-Dade County Code §§ 11A-26 et seq.*

24. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

25. Plaintiff is a member of a protected class under the § 11A, to wit she is heterosexual.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to sexual orientation-based animosity.

27. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is heterosexual.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the § 11A, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the Miami-Dade County Code §§ 11A-26 et seq.*

35. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

36. Plaintiff is a member of a protected class under the § 11A.

37. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the § 11A.

38. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

39. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

40. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

41. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

42. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the § 11A, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 23, 2018

Respectfully submitted,

*/s/ Michelle Muskus*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No. 118315
nl@rgpattorneys.com
Michelle Muskus, Esq.
Florida Bar No.: 1003077
mm@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005